Filed 11/3/21; Certified for Publication 12/1/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CSAA INSURANCE EXCHANGE, | H046475 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. 17-CV-00467) |
| v. | |
| RAED HODROJ, | |
| Defendant and Appellant. | |

CSAA Insurance Exchange sued Raed Hodroj for breaching an agreement to settle his personal injury claim. CSAA moved for summary judgment, arguing that the undisputed facts establish both formation of a contract and Hodroj's breach. The trial court granted the motion. Hodroj contends summary judgment was improper because there is a triable issue regarding contract formation. For the reasons explained, we reject that contention and will affirm the judgment.

## I. BACKGROUND

Hodroj was injured in a car accident. He was a passenger in a Jeep Cherokee involved in a single car collision. The driver was insured by CSAA. Hodroj retained an attorney to represent him in obtaining compensation for his injuries.

Hodroj's attorney wrote to CSAA offering that Hodroj would settle his claim for bodily injuries in exchange for payment in the amount of the driver's insurance policy limits, as long as certain conditions were fulfilled. The conditions were that CSAA provide a copy of the face page of the relevant insurance policy and a sworn declaration

confirming the policy limits; and deliver a check in the amount of the policy limits within 21 days of acceptance of the offer. The offer noted CSAA could condition its acceptance on Hodroj signing a written release of all bodily injury claims against CSAA's insured. The offer was also conditioned on written acceptance within 21 days.

Fifteen days later, CSAA sent written acceptance of the offer. It stated, "We accept your demand for settlement of this claim. We are tendering our insured's policy limits of $100,000[.]" Enclosed were a sworn declaration attesting to the policy limits, and a written release of all claims to be signed by Hodroj. A $100,000 check was sent separately, with the proviso that it should not be presented until the release was signed.

The next day, Hodroj reneged on the settlement. According to a letter from his attorney to CSAA, the reason was "the release you required our client to sign introduces significant and material new, additional and different terms and conditions" beyond the offer of settlement. Among them was that the release required Hodroj to release *all* his claims, including for property damage, whereas the settlement offer contemplated only claims for bodily injury. Hodroj later filed a lawsuit against the driver for the injuries he sustained in the car accident and for property damage.

In response to Hodroj's suit against its insured, CSAA filed one of its own—the lawsuit underlying this appeal. CSAA sued Hodroj for breach of contract, alleging his settlement offer and its written acceptance in response created a binding agreement to settle the injury claims, which Hodroj breached by suing the driver. Hodroj cross-complained for declaratory relief confirming no binding contract between him and CSAA.

Both parties moved for summary judgment on their respective causes of action. The trial court granted CSAA's motion and denied Hodroj's, and entered judgment in favor of CSAA. Hodroj filed a notice of appeal referencing a " '[j]udgment after an order granting a summary judgment motion,' " which CSAA asserts is insufficient to preserve Hodroj's right to appeal the adverse ruling on his cross-complaint. But we must broadly

2

construe the notice of appeal. (*Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661 [notice of appeal must be liberally construed to protect the right of appeal whenever it is "reasonably clear" what appellant is trying to appeal].) We find Hodroj's notice adequate to encompass both summary judgment orders.

## II. DISCUSSION

Where a plaintiff produces evidence to establish each element of a cause of action, summary judgment is appropriate unless a triable issue is shown regarding any of those elements. (Code of Civ. Proc. § 437c, subd. (p)(1).) A triable issue means a reasonable trier of fact could find for the nonmoving party on the element. (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 122.) Appellate review of a summary judgment ruling is de novo. (*Canales v. Wells Fargo Bank, N.A.* (2018) 23 Cal.App.5th 1262, 1268). We review the evidence the parties submitted with their moving papers in the light most favorable to the nonmoving party. We then independently determine if the evidence establishes either that the plaintiff is entitled to judgment as a matter of law, or that there is a dispute on a material point that requires a trial to resolve.

CSAA sued Hodroj for breach of contract. The elements of a breach of contract claim are that a contract was formed; that the plaintiff did everything required by the contract; that the defendant did not do something required by the contract; and that the plaintiff was harmed as a result. (*Coles v. Glaser* (2016) 2 Cal.App.5th 384, 391.) Hodroj contends there is a triable issue regarding the first element, formation.

The parties do not dispute the facts. What they disagree about is the legal significance of the facts, making this matter an appropriate candidate for summary judgment, as demonstrated by the parties' cross-motions. Hodroj contends CSAA's purported acceptance was actually a counteroffer he was free to reject because it included a request that he sign a written release containing different terms than were in his settlement offer. CSAA argues that a binding contract was formed when it accepted Hodroj's offer to settle his claim for the insurance policy limits and fulfilled all

3

conditions stated in the offer, and the written release was simply an effort to reduce the terms of the agreement to a formal writing.

A well-established principle of contract law dictates the result here: when parties agree on the material terms of a contract with the intention to later reduce it to a formal writing, failure to complete the formal writing does not negate the existence of the initial contract. (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307; *Banner Entertainment, Inc. v. Superior Court* (1998) 62 Cal.App.4th 348, 358.) If the parties do not agree on the content of the formal writing (for example because one party wants to include something not agreed on in the first place, as Hodroj says happened here), the proposed writing is not a counteroffer; rather, the initial agreement remains binding and a rejected writing is a nullity. (*American Aeronautics Corp. v. Grand Central Aircraft Co.* (1957) 155 Cal.App.2d 69, 82; *Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 61.)

Given that rule, the propriety of the summary judgment here comes down to one question: Would a reasonable person looking at the parties' communications think they intended to be bound by a settlement agreement that would later be reduced to a more formal writing? (See *Beard v. Goodrich* (2003) 110 Cal.App.4th 1031, 1038 [contract formation is governed by objective standards; the test is what the outward manifestations of consent would lead a reasonable person to believe].) We conclude the communications between Hodroj's lawyer and CSAA reflect a settlement which could be later memorialized in a formal writing. No reasonable trier of fact would find otherwise.

Hodroj's offer communicated that he agreed to settle his personal injury claim for the insurance policy limits, provided his offer was accepted within 21 days, and provided that CSAA show proof of the policy limits and that there was no other potential insurance coverage. The offer expressly anticipated another instrument: "You may further condition your acceptance of this offer by requiring that our client execute a Release of all Bodily Injury Claims against your insureds and their heirs only, which Release is not

4

inconsistent with the terms and conditions of this offer." CSAA's timely written response communicated that the offer was accepted. CSAA provided the requested documentation and conditionally tendered payment in the amount of the policy limits. Like the offer, the acceptance also contemplated a formal release and proposed one for Hodroj to sign.

We are confident that an objective observer would conclude from those communications that the parties intended to settle Hodroj's bodily injury claim for the amount of the insurance policy limits ($100,000) and to later memorialize those terms in a formal document. That the proposed document contained terms materially different from what had been agreed to does not change the binding effect of the initial agreement. Hodroj was under no obligation to sign a release that was inconsistent what he agreed to. But a proposed writing that does not accurately reflect the terms of an agreement does not unwind the entire deal. The contract formed by the parties' offer, acceptance, and consideration is still enforceable. Hodroj breached the contract here by filing suit on the bodily injury claims he had agreed to settle.

The rule that a proposed writing containing terms different than those agreed on does not render the initial agreement unenforceable is desirable from a policy perspective. " ' "Any other rule would always permit a party who has entered into a contract like this, through letters … to violate it, whenever the understanding was that it should be reduced to another written form, by simply suggesting other and additional terms and conditions. If this were the rule the contract would never be completed in cases where, by changes in the market, or other events occurring subsequent to the written negotiations, it became the interest of either party to adopt that course in order to escape or evade obligations incurred in the ordinary course of commercial business." ' " (*Stephan v. Maloof* (1969) 274 Cal.App.2d 843, 848–849.)

Hodroj also contends that the trial court erred by overruling his objections to evidence regarding insurance industry custom and practice. That evidence is unnecessary

5

to our decision so we have not considered it. We therefore need not decide whether it was error to admit an expert's declaration over Hodroj's objections.

Given our conclusion that a contract was formed to settle Hodroj's bodily injury claim, the trial court properly granted CSAA's motion for summary judgment on its breach of contract cause of action and properly denied Hodroj's motion for summary judgment on his declaratory relief cause of action.

### III.    DISPOSITION

The judgment is affirmed. Costs are awarded to respondent by operation of rule 8.278, subdivision (a)(1) of the California Rules of Court.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H046475 -** *CSAA Insurance Exchange v. Hodroj*

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CSAA INSURANCE EXCHANGE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAED HODROJ,<br><br>    Defendant and Appellant. | H046475<br>(Santa Cruz County<br>Super. Ct. No. 17-CV-00467)<br><br>ORDER GRANTING REQUEST FOR PUBLICATION |

BY THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter filed on November 3, 2021, shall be certified for publication.

Dated:                           _____
                                       Greenwood, P. J.

                          _____
                                       Grover, J.

                          _____
                                       Danner, J.

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 17CV00467 |
| --- | --- |
| Trial Judge: | Hon. Paul P. Burdick |
| Plaintiff and Respondent CSAA<br>INSURANCE EXCHANGE | Richard Wardell Loveland<br>Alyssa Dang<br>  Coddington Hicks & Danforth APC |
| Defendant and Appellant RAED HODROJ | Stanley Kenneth Jacobs<br>  Jacobs & Jacobs LLP |

H046475 - *CSAA Insurance Exchange v. Hodroj*